UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHANDRA JOSEPH-LACET, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:09-cv-11307-WGY |
| COUNTRYWIDE HOME LOANS, LITTON LOAN SERVICING, and BANK OF AMERICA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## LITTON LOAN SERVICING'S MOTION TO DISMISS

**(Memorandum of Law Incorporated)**

Defendant Litton Loan Servicing ("Litton") moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Count I (Breach of Contract), Count II (Violation of 93A), Count III (Violation of 271, § 49) and Count IV (Infliction of Emotional and Mental Distress). Counts I fails to state a claim even under the liberal pleadings standards of Rule 8; Count II and IV are time-barred by the applicable statute of limitations; and Count III is inapplicable to federal or state regulated banks which both Defendants are.

This action arises out of two residential loans issued in 2003 and secured by a mortgage on properties owned by Chandra Joseph-Lacet ("Lacet"). Defendant Countrywide originated the loans, serviced the loans for several years and then sold one of the two loans to MERS as nominee for The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate holders of CWABS, Inc. Asset-Backed Certificates, Series 2003-J1 ("Bank of New

971455.1 102589/55

York"). This single loan is currently serviced by Litton.[1] Lacet claims that Countrywide "persuaded" her to refinance her property, "deceived" her by providing two "predatory" loans with "higher interest rates and payments" than she was otherwise eligible for, and that Litton, as assignee of one of the two loans, "knew or should have known" that the mortgage loan was a "distressed" mortgage loan. As a result, Lacet alleges that Litton is liable for damages in the amount of $3 million. All of the Plaintiff's claims, however are barred as a matter of law. In particular:

- Count I captioned "breach of contract" fails to state a claim even under the most liberal standards of Rule 8;

- Count II (Violation of 93A) is time-barred by the four year statute of limitations; and even if it was not time-barred, the Plaintiff has failed to allege that it made written demand on Litton as required by 93A;

- Count III (Violation of M.G.L. c. 271, § 49) is inapplicable to Countrywide or Litton; and

- Count IV (Infliction of Emotional and Mental Distress) is barred by the three-year statute of limitations.

### ALLEGATIONS AS SET FORTH IN PLAINTIFF'S COMPLAINT

In or around July 2003, Lacet contacted Countrywide for a loan to purchase property located at 76 Blue Hills Parkway, Milton, Massachusetts (the "Property"). (Complaint, ¶ 5). Rather than provide her with a loan for the Property, Lacet claims that Countrywide "persuaded" her to refinance another property she owned at 30 Cedar Street, Mattapan, Massachusetts ("30 Cedar"). (Complaint, ¶ 6). After completing her refinancing, Countrywide originated a second loan to purchase the Property. (Complaint, ¶ 7). Although Lacet does not disclose the terms of either loan, she claims that Countrywide "deceived" her by providing two "predatory mortgage" loans with higher rates of interest and other payments. (Complaint, ¶ 10). After the origination

---

[1] The Plaintiff has incorrectly identified Litton as the holder of the Loan.

of the loans, Countrywide managed the loan in "bad faith" and engaged in "unfair, deceptive and predatory practices." (Complaint, ¶ 11).

On or about August 1, 2008, Countrywide transferred the loan to Litton.[2] (Complaint, ¶ 12). At the time of the transfer, Lacet claims that Litton "knew or should have known" that the mortgage loan was a "predatory mortgage loan," that "violated plaintiff's consumer rights and Massachusetts and federal laws." (Complaint, ¶ 13).

On July 22, 2009, the Plaintiff filed this action.

## ARGUMENT

### A.   The Claim For "Breach of Contract" Is Barred As A Matter Of Law

Plaintiff's claim for breach of contract fails to state a claim upon relief can be granted. Although Plaintiff is required only to set forth a "short and plain statement" of his claim, Fed. R. Civ. P. 8(a), such a statement must at least set forth the essential facts that show "that the pleader is entitled to relief." Id.

For a breach of contract claim, the Plaintiff must allege that a contract existed, that she have performed under the terms of the contract and that the contract has been breached. See generally Donald R. Simpson and Howard J. Alperin, Summary of Basic Law 371 (1974); See Realty Developing Co., Inc. v. Wakefield Ready-Mixed Concrete Co., Inc., 327 Mass. 535, 537 (1951) (a "breach of contract is a failure to perform for which legal excuse is lacking.").

Although the Plaintiff presumably had a contract with Countrywide, she has neither alleged the terms and conditions of the contract nor the actions of Litton which allegedly breached this contract. Absent such basic allegations, the claim must be dismissed.[3]

---

[2] This is factually incorrect. The loans were actually transferred to Bank of New York.
[3] Presumably, this is a claim for misrepresentation which would be time-barred by the applicable statute of limitations.

B. **Plaintiff's 93A Claim Barred By The Statute of Limitations**

The Plaintiff's ch. 93A claim should be dismissed for three reasons. *First*, the applicable, four-year statute of limitations bars this claim to the extent it is predicated upon the representations made by Countrywide at or before the time of the execution of the loan. See G.L.c. 260, § 5A (actions arising on account of violations of any law intended for the protection of consumers, including . . . chapter ninety-three A . . . shall be commenced only within four years next after the cause of action accrues."); See Fine v. Huygens, DiMella, Shaffer & Associates, 57 Mass. App. Ct. 397, 505 (2003) ("Claims asserting unfair and deceptive trade practices under C. 93A are governed by a four-year limitations period with an accrual date that is determined 'by the same principles as govern the determination of the underlying actions.'")

*Second*, the Plaintiff had failed to allege that she sent a demand letter under 93A, § 9. At least thirty days before filing a lawsuit alleging a violation of Chapter 93A, § 9, a consumer must first issue a demand letter reasonably describing the alleged unfair or deceptive act and the injury suffered. G. L. c. 93A, § 9(3). The letter is a prerequisite to suit and is an element that must be alleged and proved as part of the Plaintiff's claim. Cimon v. Gaffney, 401 F.3d 1, 7 (1st Cir. 2005); Thorpe v. Mutual of Omaha Ins. Co., 984 F. 2d 541, 544 (1st Cir. 1993); Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975). A failure to allege that a Chapter 93A demand letter issued thirty days prior to suit is grounds for dismissal. See McMillen v. Kadis (In re McMillen), 390 B.R. 1, 9 (D. Mass. 2008) (dismissing claim for failure to allege requirement of demand letter).

In this case, the Plaintiff has failed to allege that she sent a demand letter at least thirty days before filing suit. Therefore, her claim must be dismissed. Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812 (1975); see also Estate v. Nunez-Polanco, 2006 Mass. Super. LEXIS 285, at

*20-21 (summary judgment was granted to automobile dealership and a manager as to an estate's claim of negligent entrustment of an automobile under c. 93A, where the estate failed to comply with notice requirements under § 9, prior to bringing the action, and the state failed to state a claim under § 11, as there was no evidence indicating that the decedent was in the vehicle for any business purpose, or was otherwise acting in any business context).

*Third*, a ch. 93A claim "'requires a showing of conduct that (1) falls within the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to [consumers or other businesspersons]." FAMM Steel, Inc. v. Sovereign Bank, 2009 WL 1636350 (1st Cir. June 12, 2009). As discussed herein, the Complaint does not contain any allegations with respect to Litton (as opposed to Countrywide) that, even if proven, would constitute a violation of any law or regulation by Litton, let alone an immoral act that caused harm to Plaintiff.

**C.    The Complaint Fails To State A Claim Under The Usury Statute**

The Criminal Usury statute (G.L. c. 271, § 49) is designed to protect citizens of the Commonwealth by requiring otherwise unregulated "private" money lenders which issue loans that exceed 20% interest to file a notice with the attorney general's office. The statute expressly excludes claims against regulated lenders such as Countrywide and Litton. In particular, G.L. c. 271, § 49 provides:

> (a) Whoever in exchange for either a loan of money or other property knowingly contracts for, charges, takes or receives, directly or indirectly, interest and expenses the aggregate of which exceeds [twenty percent per year] upon the sum loaned, or the equivalent rate for a longer or shorter period, shall be guilty of criminal usury and shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than [$10,000] or by both . . .

>    (e) The provisions of this section shall not apply to any loan the rate of interest for which is regulated under any other provision of general or special law or regulations promulgated thereunder or to any lender subject to control, regulation or examination by any state or federal regulatory agency.

In this case, the Plaintiff has not alleged any facts by which the Court could conclude that the amount of the loan exceeded 20%. This failure precludes any claim under M.G.L. c. 271, § 49. Even assuming that Plaintiff had made the minimal allegations required to allege a violation of c. 271, § 49, the claim still fails as Litton is subject to the "control, regulation and examination" of both state and federal regulatory agencies.

### D.  **Plaintiff's Infliction Of Emotional and Mental Distress Is Barred By The Statute of Limitations.**

The Plaintiff's claim that she suffered "emotional distress" is time-barred by the three-year statute of limitations. Under Massachusetts law, tort claims must be asserted within three years of the accrual of the cause of action. M.G.L. c. 260, § 2A. A cause of action "accrues" at the time of the plaintiff's injury, or, in the case of breach of contract, at the time of the breach. See Cambridge Plating Co., Inc. v. Napco, Inc., 991 F 2d. 21, 25 (1st Cir. 1993). Accordingly, the Plaintiff's claims "accrued" at the time she allegedly suffered emotional distress by executing two predatory mortgage loans. (Complaint, ¶ 10). These events occurred no later than July 2003 - the date of the closing.

### CONCLUSION

WHEREFORE, for the above reasons, Litton requests that the Complaint be dismissed.

Defendant,
LITTON LOAN SERVICING
By their attorneys,

*/s/ Richard E. Briansky*
Richard E. Briansky (BBO# 632709)
rbriansky@princelobel.com
Joseph Calandrelli (BBO# 666128)
jcalandrelli@princelobel.com
PRINCE, LOBEL, GLOVSKY & TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel:  617-456-8000
Fax: 617-456-8100

Dated:  August 10, 2009

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I, Richard E. Briansky, in a good faith attempt to resolve the dispute set forth herein, contacted Plaintiff's counsel.  I left several messages but at the time of filing, I have been unable to discuss the maters set forth herein.

*/s/ Richard E. Briansky*

## CERTIFICATE OF SERVICE

I, Richard E. Briansky, hereby certified that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 10, 2009.

*/s/ Richard E. Briansky*